FILED

FEB 2 3 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

No. 5:09-CT-3074-BO

| | | |
|---|---|---|
| EDDY MARTINEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOSEPH B. HALL, | ) | |
| Defendant. | ) | |

Eddy Martinez was a North Carolina state inmate with a pending immigration detainer at the time he filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's contentions appear to raise issue with his custody classification in that it is based on discrimination in violation of equal protection. He also asserts denial of due process in that his custody classification was never changed. He names as defendant Joseph B. Hall. Defendant Hall is before the court with a motion for summary judgment. Martinez did not respond, the time in which to do so has run, and the matter is ripe for determination.

a.    Facts

On June 6, 2007, Martinez was convicted of conspiracy to traffic schedule II controlled substances. (D.E. # 19, aff. Hall, ¶ 3) On June 8, 2007, he was placed in the custody of the Department of Correction for a term of three years and six months. (Id.) On June 12, 2007, an active federal detainer was filed as to Martinez by the United States Federal Authorities DHS-ICE. (D.E. # 19, aff.Hall ¶ 3)

Classification activities direct an inmates' custody, security, and housing as to minimize risk and provide safety for the public, staff, and the offender himself. (Id. ¶ 4)

An assessment of custody promotion seeks to assess multiple factors including, but not limited to, his potential for violence and the "threat to the public safety [and] risk of escape." The Division of Prisons Standard Operating Procedures, Chapter C, Promotion of Felons, Criteria for Consideration of and Review for Promotion Sec. .0503 (a). Furthermore, the Division of Prisons Standard Operating Procedures prohibits certain inmates from achieving specific custody classification due to inherent risks associated with their crimes or status within the DOC. Specifically, illegal aliens, who are inmates with immigration detainers, may not be promoted to minimum custody status. (Id. ¶ 6 and attachments) As stated above, Martinez had an active federal detainer filed against him by the United States Federal Authorities DHS-ICE. (D.E. # 19, aff. Hall ¶ 3)

b.  Discussion

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws

2

all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 587.

Defendant raises the defense of qualified immunity which concludes this matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, ____ U.S.____, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

i.      Due Process

Martinez argues that his due process rights have been violated because he has not been promoted to minimum custody.    To begin, it is well established that an inmate does not possess a liberty interest arising from due process clause in assignment to a particular

3

custody level or security classification or a place of confinement. See Wilkinson v. Austin,

545 U.S. 209, 221-222 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum

v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976);

Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The custody placement or classification of

state prisoners within the State prison system is among the "wide spectrum of discretionary

actions that traditionally have been the business of prison administrators rather than of the

federal courts." Meachum, 427 U.S. at 225. Specifically, the Supreme Court has held,

inmates have "no legitimate statutory or constitutional entitlement" to any particular

custodial classification even if a new classification would cause that inmate to suffer a

"grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Therefore, this court finds

dismissal of the custody classification challenge on due process grounds appropriate and

defendant is cloaked with qualified immunity.

ii.     Equal Protection

Martinez next argues that his right to equal protection has been violated in that he

has not been promoted to minimum custody classification status because of the detainer

and this is racial discrimination.

> The Equal Protection Clause of the Fourteenth Amendment provides that
> "[n]o State shall . . . deny to any person within its jurisdiction the equal
> protection of the laws." U.S. Const. amend. XIV, § 1.  The Clause "does
> not take from the States all power of classification," Personnel Adm'r of
> Mass. v. Feeney, 442 U.S. 256, 271, 99 S. Ct. 2282, 60 L.Ed.2d 870
> (1979), but "keeps governmental decisionmakers from treating differently
> persons who are in all relevant respects alike," Nordlinger v. Hahn, 505
> U.S. 1, 10, 112 S. Ct. 2326, 120 L.Ed.2d 1 (1992).  See also City of
> Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S. Ct.
> 3249, 87 L.Ed.2d 313 (1985) (holding that the Equal Protection Clause
> "is essentially a direction that all persons similarly situated should be

treated alike"). To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See e.g., City of Cleburne, 473 U.S. at 439-40, 105 S .Ct. 3249; In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir.), cert. denied Mickle v. Moore, 528 U.S. 874, 120 S. Ct. 179, 145 L.Ed.2d 151 (1999); Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818-19 (4th Cir.1995).

Morrison v. Garraphty, 239 F.3d 648, 653-654 (4th Cir. 2001).

In the case at hand, the prison policy prohibits illegal aliens, who are inmates with

immigration detainers, from being promoted to minimum custody status. To determine

whether a prison policy is constitutional the court is to consider four factors:

(1) whether there is a valid, rational connection between the policy and the penological interest; (2) whether an alternative means of exercising the right remains open to prison inmates; (3) the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests

Id. at 655 (citations omitted). Here, promotion of any inmate from a medium custody level

to a minimum custody level requires security considerations which includes the risk of

flight. North Carolina policy has determined that inmates with detainers are a great

security risk and may not be promoted. First, there is no general constitutional right to a

certain custody classification. Second, the North Carolina Department of Correction

("DOC") has a compelling governmental and penological interest in maintaining security,

discipline, and order. See McRae v. Johnson, 261 Fed. Appx. 554, 558 (4th Cir. 2008) (per

curiam) (unpublished); Hines v. South Carolina Dep't of Corr., 148 F.3d 353, 358 (4th Cir.

5

1998). Third, excluding prisoners subject to detainers from custody promotion has been found to be rationally related to the state's legitimate interest in preventing such prisoners from fleeing. See <u>Sardar v. Dept. of Corr.</u>, 2006 WL 1722624 (citing <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1185-86 (9th Cir. 1999). Therefore, this court finds dismissal of the custody classification challenge on equal protection grounds appropriate and defendant is cloaked with qualified immunity.

Accordingly, the motion for summary judgment (D.E. # 18) is ALLOWED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this _22_day of February 2011.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6